Filed 12/20/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| BRUCE H. SINGMAN,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>IMDB.COM, INC.,<br><br>    Defendant and Respondent. | B307783<br><br>Los Angeles County<br>Super. Ct. No. 20SMCV00748 |

APPEAL from an order of the Superior Court of
Los Angeles County, Elaine W. Mandel, Judge.  Affirmed.

Bruce H. Singman, in pro. per., for Plaintiff and Appellant.

Hueston Hennigan, Moez M. Kaba, Joseph A. Reiter and
Eunice Leong for Defendant and Respondent.

_____

Attorney Bruce H. Singman sued and lost in the trial court. Serving as his own attorney, he appeals his defeat. His brief on appeal—there is only one, for he filed no reply—contains a table of authorities. That table has one entry. That entry is section 904.1, subdivision (a)(1) of the Code of Civil Procedure, which authorizes appeals from judgments. This section does not impeach the trial court result.

No other legal citations appear in this brief.

We presume the trial court result is correct. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) The one contesting that result thus bears the burden of showing legal error. That requires legal authority. Here we have none.

This appellant's brief effectively asks the appellate court to become the appellant's lawyer. A court cannot fairly embrace this partisan role. An absence of legal authority forfeits an appellant's cause. (E.g., *Gonzalez v. City of Norwalk* (2017) 17 Cal.App.5th 1295, 1311.)

## DISPOSITION

We affirm the order and award costs to the respondent. The motion to strike is moot.

WILEY, J.

We concur:

GRIMES, Acting P. J.          HARUTUNIAN, J.*

---

\*      Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

2